FILED

2022 Jun-22  AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **TRUDY POWELL, AS** | ) | |
| **ADMINISTRATRIX OF** | ) | |
| **THE ESTATE OF HAROLD** | ) | |
| **EUGENE POWELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:20-cv-1764-ACA** |
| | ) | |
| **JEFFERSON DUNN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

While imprisoned at Limestone Correctional Facility ("LCF"), Harold Powell began to experience symptoms of cancer. Despite his deteriorating condition and repeated requests for medical help, LCF provided almost no medical treatment for six months. By the time LCF transferred Mr. Powell to Crestwood Medical Facility, his cancer had reached its final stages. Mr. Powell died two months later. (Doc. 18 at ¶¶ 50–53).

Plaintiff Trudy Powell is Mr. Powell's mother and the representative of his estate. (*Id*. at 2). In that capacity, she filed this complaint against a number of defendants, including Wexford Health Sources, Inc. ("Wexford"). On March 3, 2022, the court granted a motion to dismiss all of the other defendants who had been served, finding the federal claims barred by the statute of limitations. (Doc. 33).

The court also declined to exercise supplemental jurisdiction over the remaining state law claims against those defendants. [1] (*Id*.).

The Alabama Department of Corrections ("ADOC") contracted with Wexford to provide health care to inmates within its prison. (Doc. 18 at ¶ 20). Wexford provided services to Mr. Powell pursuant to this contract. Ms. Powell alleges that Wexford failed to adequately diagnose and treat Mr. Powell at LCF, was deliberately indifferent to Mr. Powell's serious medical needs ("Count Two"), failed to intervene to provide Mr. Powell with adequate medical care ("Count Seven"), and is liable for a state-created danger ("Count Ten"). She makes these claims pursuant to 42 U.S.C. § 1983. (*Id*. at ¶¶ 113–25, 177–88, 205–12).

Wexford, the only remaining defendant, now moves for summary judgment, relying on the same statute of limitations defense the other defendants presented. (Doc. 38). Ms. Powell, for her part, has moved to alter or amend the court's order dismissing the other defendants on multiple grounds. (Doc. 44). The court will address each motion in turn. First, the court **GRANTS** Wexford's motion for summary judgment for the same reason the court granted the other defendants' motion to dismiss. Next, the court **GRANTS IN PART** and **DENIES IN PART**

---

[1] The court acknowledges that its dismissal of Ms. Powell's state law claims in Counts Eleven and Twelve was premature, as the court had not yet "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). However, the court's error was harmless, as its ruling on Wexford's motion for summary judgment disposes of all remaining federal claims in this case, at which point the court can properly decline to exercise supplemental jurisdiction over state law claims. *See id*.

Ms. Powell's motion to alter or amend the court's earlier order.  The court **GRANTS** the motion to correct scrivener's errors contained in the order.  But the court **DENIES** the motion with respect to Ms. Powell's challenges to the accuracy of the dismissal.

    1.  <u>Wexford's Motion for Summary Judgment</u>

Wexford argues that it is entitled to summary judgment because the statute of limitations bars Ms. Powell's federal law claims.  (Doc. 38).  Wexford does not include any evidence with its motion and relies entirely on the factual allegations within Ms. Powell's amended complaint.  (*See id*. at 2).  The court previously described Ms. Powell's allegations relevant to this motion in its memorandum opinion and order and need not repeat those allegations here.  (Doc. 33 at 3–7).

Wexford's motion is due to be granted for the same reasons set forth in this court's previous opinion.  (*See id*. at 8–11).  As was the case with her claims against the other defendants, Ms. Powell's claims against Wexford necessarily accrued—at the latest—on September 14, 2018, which is the day on which Mr. Powell was diagnosed with late-stage cancer.  (*See id*. at 11; *see also* doc. 18 at ¶¶ 49, 50).  At that point, Mr. Powell knew or should have known that he suffered the injury that forms the basis of Ms. Powell's complaint and could identify who inflicted that injury.  Therefore, Ms. Powell had only until September 14, 2020, at the very latest, to bring her claims against Wexford.  (Doc. 33 at 11); *see also Lufkin v. McCallum*,

956 F.2d 1104, 1106 (11th Cir 1992) (explaining that, under Alabama law, claims brought pursuant to 42 U.S.C. § 1983 are subject to a two-year statute of limitations).

Because Ms. Powell's claims are untimely, the court **GRANTS** Wexford's motion and **WILL ENTER SUMMARY JUDGMENT** in its favor on Counts Two, Seven, and Ten.

### 2.  Ms. Powell's Motion to Alter or Amend

Ms. Powell asks the court to alter, amend, or vacate its prior order pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. 44).  "Under Rule 59(e) of the Federal Rules of Civil Procedure, a court may alter or amend a judgment if there is newly-discovered evidence or manifest errors of law or fact."  *Metlife Life & Annuity Co. of Connecticut v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alterations and quotations omitted).

Ms. Powell asks the court to reconsider five aspects of its prior order: (1) to "alter, amend or vacate its Order [] to the extent necessary to exercise its supplemental jurisdiction over [Ms. Powell's] wrongful death claim against all Defendants as pled initially'" (2) to alter, amend or vacate its finding that Ms. Powell's federal claims accrued before November 7, 2018; (3) to alter, amend, or vacate its dismissal of Ms. Powell's claims for injunctive relief; (4) to amend a

sentence on page 11 that states "Ms. Powell had until September 14, 2018" to read "Ms. Powell had until September 14, 2020"; (5) and to amend a second sentence on page 11 that states "Ms. Powell had until September 6, 2018 to read "Ms. Powell had until September 6, 2020." (Doc. 44 at 1–5).

As for her fourth and fifth requests, Ms. Powell correctly states that 2018 should be changed to 2020 to be consistent with the court's conclusion regarding the application of the statute of limitations in her case. (*Id*. at 5; *see also* doc. 33 at 11). Accordingly, the court **GRANTS** Ms. Powell's motion insofar as it asks the court to correct the typographical errors on page 11 of the court's opinion. Ms. Powell's remaining arguments, however, are without merit.

Ms. Powell first argues the court erred in concluding that she did not assert a state law wrongful death claim in her amended complaint. (Doc. 44 at 1–4; *see also* doc. 33 at 10). "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). Ms. Powell does not contend that her amended, and now operative, complaint explicitly includes a state law claim for wrongful death. (*See generally* doc. 44 at 1–4). Rather, she argues that her *initial* complaint pled a state law wrongful death claim against all Defendants which she

sufficiently realleged in her amended complaint.  (*Id*.; *see also* doc. 1 at 27–28).  Ms. Powell now asks the court to exercise supplemental jurisdiction over that claim.

The court previously struck Ms. Powell's initial complaint as an impermissible shotgun pleading and ordered her to file an amended complaint that complied with the Federal Rules of Civil Procedure and the Eleventh Circuit's instructions on pleading a complaint.  (Doc. 16 at 3).  Ms. Powell filed an amended complaint which includes one sentence stating that she "specifically realleges and adopts all claims previously set forth in this case and all allegations filed to date as if the same were set forth herein."  (Doc. 18 at 2).

Ms. Powell's single sentence purporting to reallege her entire initial complaint hardly suffices to place the defendants on notice of her claims against them.  Indeed, the fact that Ms. Powell explicitly re-pled her other federal and state law claims into her amended complaint (*compare* doc. 1 at 20–28 *with* doc. 18 at 23–41), suggests her failure to explicitly re-plead her state law wrongful death claim was due to oversight rather than tactical pleading.  However, the court need not consider the parties' arguments on this issue in-depth.  Even if Ms. Powell did properly reassert her state law claim in her amended complaint, the court would now decline to exercise supplemental jurisdiction over it given that it has now dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Accordingly, Ms. Powell's motion is due to be denied on this ground.

Ms. Powell next asks the court to "alter, amend, or vacate that part of the Court's Order concluding that Ms. Powell's federal claims for her son's death . . . accrued before November 7, 2018." (Doc. 44 at 4). Ms. Powell argues that "there is no way [she] could have known or should have known about her son's death until it actually happened." (*Id*.). This argument is simply an attempt to relitigate old matters, which is not the purpose of a Rule 59(e) motion. *See Arthur*, 500 F.3d at 1343.

Lastly, Ms. Powell asks the court to reconsider its dismissal of her claim for injunctive relief. (Doc. 44 at 4). As the court explained in its previous order, Ms. Powell lacks standing to seek an injunction prohibiting the defendants from "engaging in further violations of the Eighth Amendment." (Doc. 33 at 8 (quoting doc. 18 at ¶ 225)). Ms. Powell does not argue that this determination was in error.

The court **GRANTS** Ms. Powell's motion to correct two typographical errors in the court's memorandum opinion and order. However, the court **DENIES** the motion with respect to Ms. Powell's challenges to the accuracy of the court's decision.

### 3. Conclusion

The court **GRANTS** Wexford's motion for summary judgment.

The court **GRANTS IN PART** and **DENIES IN PART** Ms. Powell's motion to alter or amend the court's earlier memorandum opinion and order. The court

**GRANTS** the motion to correct certain typographical errors on page 11 of the order. But the court **DENIES** the motion with respect to Ms. Powell's other challenges to the court's order.

The court will enter a separate final judgment consistent with this opinion and order.

**DONE** and **ORDERED** this June 22, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE